IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**KENNY BEANE,**

**Plaintiff,**

**v.**

**JOYCE COURTER,**

**Defendant.**                                    Case No. 14-365-DRH-PMF

<u>MEMORANDUM AND ORDER</u>

**HERNDON, Chief District Judge:**

This matter comes before the Court on plaintiff Kenny Beane's motions for leave to proceed *in forma pauperis* (Doc. 3) and for recruitment of counsel (Doc. 4). A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious or fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When assessing a petition to proceed *in forma pauperis*, a district court should inquire into the merits of the petitioner's claims, and if the court finds them to be frivolous, it

should deny leave to proceed *in forma pauperis*. *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982).

On March 21, 2014, Kenny Beane, pro se, filed a civil rights suit against Joyce Courter, Library Director, Centralia Regional Library (Doc. 1). Beane additionally filed a memorandum as a part of his complaint (Doc. 1-2). In this memorandum, he claims that his First Amendment rights were violated when Courter suspended him from library property. In support of his memorandum, he filed a copy of a letter he appears to have received from Ms. Courter suspending him from the library (Doc. 1-2 at 5). The letter indicates that "due to [his] actions" he would be suspended until March 21, 2014. Although he indicates that his First Amendment rights were violated, he does not explain what his actions were that resulted in a suspension from the library or how they may relate to the First Amendment.

Ordinarily, the Court would give Beane the opportunity to amend his complaint to explain the facts that give rise to the alleged violations. However, this Court has previously determined that "Beane has taken up enough of the Court's time with his nebulous complaints of violations of his constitutional rights." *Beane v. Fleri*, Case No. 3:13-cv-648-JPG-SCW (S.D. Ill. July 22, 2013). In that same order, Judge Gilbert warned that the Court may impose a monetary sanction of $5.00 if Beane were to file any other complaint that fails to state a cause of action. While the allegations in this case are different than the four cases, and six attempts to articulate a claim, previously brought by Beane before

this Court, the Court declines to give him the opportunity to amend in this case. *See id.* (collecting cases).  Not only was he warned by Judge Gilbert but he also indicated in his complaint that he was "not sure" had had begun any other lawsuits in this federal court.  This is a clear violation of Federal Rule of Civil Procedure 11.

Accordingly, the Court **DISMISSES** Beane's complaint **with prejudice**. Beane is **FINED $5.00** payable to the Clerk of this Court.  Pursuant to *Support Sys. Int'l, Inc. v. Mack*, until the $5.00 is paid, Bean is **BARRED** from filing a civil suit in this Court.  45 F.3d 185 (7th Cir. 1995).  Beane's motions for leave to proceed *in forma pauperis* and for recruitment of counsel are **DENIED.**  The Clerk of the Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 24th day of March, 2014.

Digitally signed by David R. Herndon
Date: 2014.03.24 11:05:33 -05'00'

**Chief Judge**
**United States District Court**